Argued and submitted July 2, affirmed October 31, 2001

# FRIENDS OF LINN COUNTY,
*Respondent,*

*v.*

# LINN COUNTY,
*Respondent below,*
*and*

# John WARNOCK
and Donna Warnock,
*Petitioners.*

2001-023; A114291

34 P3d 1213

Edward F. Schultz argued the cause for petitioners. With him on the brief was Weatherford, Thompson, Ashenfelter & Cowgill, P.C.

Christopher D. Crean argued the cause for respondent. With him on the brief was Miller Nash LLP.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Petitioners John and Donna Warnock seek review of a final decision and order of the Land Use Board of Appeals (LUBA) remanding Linn County's decision to permit the Warnocks to construct a dwelling on a parcel zoned for high-value exclusive farm use (EFU). We affirm.

The Warnocks purchased the subject property in 1969. It is a 7.8-acre parcel in Linn County that is composed primarily of high-value soil and is terraced in three levels. During the 1970s, the Warnocks leased the parcel to a commercial farmer who cut hay and grazed sheep on it. It also was used as a staging area for a nearby gravel quarry. Cattle, sheep, and poultry production are the predominant farming activities in the area.

The Warnocks applied for a permit to construct a lot of record dwelling on the parcel. Friends of Linn County (Friends) opposed the application. Linn County approved the permit application, and Friends appealed to LUBA.

LUBA remanded the decision to Linn County. LUBA concluded that the county had applied an incorrect standard in approving the application. According to LUBA, under ORS 215.705(2)(a)(C)(i), a county may approve the siting of a lot of record dwelling on high-value farmland if the county finds:

> "The lot or parcel cannot practicably be managed for farm use, by itself or in conjunction with other land, due to extraordinary circumstances inherent in the land or its physical setting that do not apply generally to other land in the vicinity."

According to LUBA, in evaluating whether the parcel could "practicably be managed for farm use," the county improperly relied only on evidence from *commercial* farmers as to whether they would incorporate the parcel into their farm operations or would conduct similar *commercial* farm operations on the parcel. LUBA noted that there was evidence in the record of other farm use in the area that the county improperly failed to take into account.

On remand, Linn County held a public hearing. The Warnocks proposed adoption of a $10,000 per annum minimum gross farm income test as an objective measure of whether the parcel practicably could be managed for farm use; under that test, a parcel that includes high-value farmland and is not capable of earning the minimum income threshold cannot "practicably be managed for farm use" within the meaning of ORS 215.705(2)(a)(C)(i).

■ The chairman of Friends also testified. Although he did not specifically refer to the minimum income test by dollar amount, he did argue that the standard was incorrect. He referred to a recent LUBA decision, *Friends of Linn County v. Linn County*, 37 Or LUBA 280 (1999), in which LUBA cautioned the county about creating a different income test for whether property can be practicably managed for farm use from the one that already exists for determining whether property qualifies for farm tax deferral. According to the chairman, the county should use the same test that is used for determining whether property qualifies for farm tax deferral, a test that is substantially below $10,000. ORS 308A.071.

The county adopted the $10,000 minimum annual gross income test and, finding that the Warnocks' parcel cannot satisfy that test, concluded that the parcel cannot practicably be managed for farm use.

Friends again appealed to LUBA, and LUBA again remanded to the county. LUBA first concluded that the $10,000 minimum annual gross income was invalid. It reasoned that the test was set at a level that indicated practicability for commercial farming and failed to take into account practicability for noncommercial farming. LUBA also addressed two evidentiary matters that likely will arise on remand. First, it emphasized that, in determining practicability, the proper focus is not whether the property historically has been put to farm use or how much gross income farm use of the property has generated in the past. Although that evidence may be relevant, LUBA commented, it is not determinative. The proper focus is whether farming the land currently is practicable, which may be determined by reference to any number of factors. Second, LUBA noted that,

under ORS 215.705(2)(a)(C)(i), a parcel's impracticability must be "due to extraordinary circumstances inherent in the land or its physical setting that do not apply generally to other land in the vicinity." It observed that the county's decision relied heavily on the particular mixture of soil types on the Warnocks' parcel, along with evidence of prior quarrying activity and terracing, without demonstrating that those conditions do not exist on other properties in the vicinity.

■　　On appeal, the Warnocks first argue that LUBA erred in even considering the argument of Friends concerning the validity of the $10,000 minimum annual gross income test of practicability. They contend that Friends waived any right to complain about the standard because it failed to object to the standard. Friends argues that its chairman raised the issue in his testimony at the public hearing. We agree. As we have noted in setting out the relevant facts, although the chairman did not mention the test by dollar amount, he specifically objected to the adoption of the test that the Warnocks had proposed to the county and cited a recent LUBA decision for the proposition that it would be unlawful to adopt any income test different from the one already in use for farm tax deferrals.

　　The Warnocks next contend that LUBA erred "in holding that farm use on the subject property is practicable." Friends replies that the answer to that contention is simple: LUBA made no such holding. According to Friends, LUBA held only that the county had erred in adopting and applying the $10,000 minimum annual gross income test and did not even address the question whether farm use on the Warnocks' parcel is practicable. We agree with Friends. The holding that the Warnocks challenge is one that LUBA did not make.

　　The Warnocks argue that LUBA erred in substituting its judgment for that of the county when it disregarded evidence supporting the county's decision, including the mix of soils, the terracing of the property, surrounding residential uses, historical attempts at farm use, gravel deposits, and the statements of neighbors that they could not put the property to noncommercial farm use. Friends again replies, correctly, that the Warnocks attack a holding that LUBA did not make.

LUBA remanded the case on the ground that the county applied an incorrect legal standard.

The Warnocks contend that LUBA erred in holding that the county's findings were inadequate to demonstrate that any impracticability was due to "extraordinary circumstances." They begin by suggesting that it was inappropriate even to have considered the matter, as LUBA had not addressed it in the first appeal, and the issue was thereby foreclosed from further consideration. Friends contends that, once again, the Warnocks misconstrue LUBA's opinion. It explains that, in the previous appeal, LUBA simply remanded because the county had applied an incorrect legal standard and therefore did not have occasion to reach the "extraordinary circumstances" issue; that matter was left for decision on remand. We agree with Friends. The previous LUBA opinion did not foreclose the county from making findings as to whether any impracticability was due to extraordinary circumstances, and it likewise did not foreclose the county's findings from being addressed on appeal.

The Warnocks finally argue that, even if it was appropriate to address the issue, LUBA erred by essentially substituting its judgment for that of the county in reweighing whether any impracticability was due to extraordinary circumstances. Friends correctly points out that, in fact, LUBA reweighed nothing. It simply concluded that the county had failed to explain why the facts that it relied on supported its conclusion.

Affirmed.